Doctorate in Kinesiology  Kenneth Carpenter, on behalf of Mr. Holton, appeals a decision from the Veterans Court that attempted to challenge a board decision, which failed under 7104A, considering applying two pertinent statutory presumptions, the presumption of service connection under 38 U.S.C. 105, and the presumption of soundness under 38 U.S.C. 111. This case is distinguishable from the cases that this court has previously heard on the question of the presumption of service connection under 105A in Shedden, Dye, and Connelly, because in each of those cases, those cases involved claims of clear and unmistakable error. In both of those cases, the appellant was in the position of attempting to revise the original decision and was not on a direct appeal of the original denial. In this case and in the cases to follow today, both of those appellants are in a direct appeal situation. Therefore, the applicability under 7104A goes to the right of the appellant to have available to him the right to establish his entitlement to a finding of service connection under 38 U.S.C. 105A and 38 U.S.C. 111, based upon the fact that both of these are applicable provisions of law. The court below in this case said... I guess I'm a little unclear. Didn't Dye hold that the 105A presumption is irrelevant to whether there's a causal relationship between service entry and post-service medical problems? And if it did, why isn't that dispositive? Well, because Dye comes up in the situation in which Mr. Dye is trying to correct a decision that had already been made and is now being revisited in a collateral attack based upon the provisions of the statute to revise a decision based upon the commission of a clear and unmistakable error. Therefore, at the time of the decision that was being challenged, it would have been necessary for Mr. Dye to show that under 105A, he had the benefit of the presumption of service connection without the benefit of causality. In this case, Your Honor, Mr. Holton is presenting his case in the first instance. And by presenting his case in the first instance, the initial question is, was there or wasn't there an occurrence? And in this case, the occurrence is predicated exclusively upon the testimony of Mr. Holton that he had a slip and fall while on active duty. There was no evidence of any injury during his period of service. So the threshold question in Mr. Holton's case is, was there or wasn't there an injury in service? Under 105A, he should have been entitled to the presumption that there was an occurrence based upon his lay testimony that he slipped and fell. And then 30 years later, there was discovered by x-ray a fracture of his pelvis. Now, the fracture of the pelvis is the resulting injury. Well, but that's the question, whether it is the resulting injury, right? That's the hardest issue for Mr. Holton, is to establish a connection between the event. The injury that occurred. Right. We don't know. All we know is that he fell. I mean, I've fallen many times. And if an x-ray should show a broken hip, it doesn't necessarily relate to any one of those falls or any particular one. And that's the precise difference between litigation in an administrative context when you are a veteran and civil litigation when you are trying to prove that causal relationship. And what is evident in this case is demonstrated by the remand that was issued for an etiology opinion. The etiology opinion goes to causation. They wanted the question answered from the expert as to what caused the fracture. What caused the fracture is not relevant. What is relevant is that he was entitled to the presumption that he was injured during service because he said he was injured during service. He now has a post-service disability as a result of a fractured pelvis. The fractured pelvis... Doesn't he still have to show a relationship between the disability... So it's a service-connected disability. There's no question about that, Your Honor. He has to ultimately show that. The question in this case, however, is whether or not he was afforded the benefit of the two relevant presumptions of service connection  In this case, there was no indication that he had any problem with his pelvis at the time of entrance to service. So he was entitled to the presumption of soundness, and he was entitled to, based upon his lay testimony, the presumption of incurrence. When you say incurrence, incur what? That there was an injury incurred. And that becomes the starting point for what is different in this case than in the Dye case or in the other cases... Suppose that his testimony, and I don't want to get silly here, but suppose his testimony is that he stubbed his toe while he was in the service. Is that sufficient evidence of incurrence to justify saying, well, we are going to presume that a later X-ray, a fracture of the pelvis, is related to the incurred injury? No, Your Honor. And if not, why not? What's missing in the stub the toe example? Because the stubbing of the toe injury would need to go to whatever the resulting disability was. It had to be license. No, no. You'd say the stubbing of the toe couldn't possibly have caused the fracture. That's right. They have to be related. Isn't that exactly the problem that we have here in excess? No. Well, it is, Your Honor, and that's what's absent. And the reason that it's absent is that the VA never afforded him, first, the benefit of the two presumptions, and then, secondly, the benefit of the duty to assist. In the Shin and the Dye and the Conley cases, those things were fixed in time because they were collateral attacks. These cases are not fixed in time because the duty to assist triggered when he said he was injured in service and he now shows an X-ray that shows that he has a fractured pelvis. But here, the Veterans Court said that the presumption under 105 only satisfies what they refer to as Calusa Element 2, incurrence or aggravation during service. This I'm reading at Appendix Page 3. It goes on to say, in this case, I'll give you a minute to find it. Yes, Your Honor. Page 3 of the Veterans Court decision, right in the middle. Thus, the presumption under Section 105 only satisfies Calusa Element 2, incurrence or aggravation during service. In this case, the board specifically found that the appellant had satisfied Calusa Element 2, but the record did not include even a scintilla of competent evidence regarding a current disability. The nexus is missing. Well, actually, Your Honor, that's somewhat of a mixed statement there because the court seems to be suggesting that having evidence of a fractured pelvis is not evidence of a current disability. So they seem to be saying both that there isn't evidence of nexus and there isn't evidence of a current disability. And quite frankly, I don't believe when you have a fractured pelvis that you can argue that the fractured pelvis doesn't result in a disability. It seems to me that all they're saying is that there are three conditions that need to be satisfied. And if there's a gap in the nexus requirement, then it really doesn't make a difference whether there is or is not an in-service injury or aggravation. More frankly, whether there is or is not a current injury. If the challenge in this case had been whether or not he was lawfully denied compensation, then that would be the correct analysis. The flaw in the analysis of the court is that it's not addressing the question presented. The question presented by Mr. Holton to the court was, did the board have an affirmative duty, as this court held in McGee, to consider and apply all applicable provisions of law and regulation? Applicable provisions of law and regulation in this case were evidence of incurrence, as established by the presumption under 105A and the presumption of soundness under 111. With the benefit of that presumption, then you get the benefit of a VA examination that is predicated upon a direction that the incident was incurred, excuse me, the injury was incurred during service. What Mr. Holton received is this. What injury? The current injury or the past injury? The current injury, not the past injury. And that's where they went wrong in the remand, because they asked about the incurrence of the fracture in service. That's where I lose you, Mr. Carpenter. It's exactly the point that Judge Prost put her finger on. It seems to me that I certainly can appreciate it. As I read, and I think this is consistent with Dye, as I read 105A, what it says is, for a service person, unlike for a normal employee, a service person, in effect, is always on duty, with the sole exception of when the service person may be drunk or otherwise engaged in a fraudulent business. Absolutely. But somebody who drives a post-duty truck is on duty when he or she is working for the post office and driving the truck and stuff. But when they go home and they go fishing or something, and they get injured, that's not a service-connected injury. But with service members, it is, unless they were drunk with them. And in this case in particular, it was a large ship. That makes sense, and that seems to be clearly established by 105A, which is to say that when one is injured during the tenure of service, one's injury at that time is, one may say, service-connected. But that doesn't, it seems to me, establish that a later disability is necessarily a service-connected disability until you link up that later disability with the earlier injury. Isn't that right? And Mr. Holton has no dispute with that. He agrees with that. His problem is, is since the board didn't require the VA to give him the benefit of the two relevant presumptions, when the examination was performed, the examination request went to the etiology. That's nexus. But no, etiology is more than nexus, Your Honor, because nexus only relates to relatability. Is it related to the injury that took place in service? Etiology is a question of causation, of medical causation. And when you ask a medical examiner to give you etiology, he is going to tell you what the physiological source of that injury was. And that's the wrong question. Under the benefit of the presumption of service connection, because he was injured in service, they should have presumed, and they should have told the examiner to presume, that he was injured in service. And all we're requesting is a finding that 105A was politically... And then what happens? Okay, we tell the doctor that he was injured in service, or whatever, because the ship was slick and he could have fallen. And then the doctor examines him and finds his current pelvic injuries are fractured. And the doctors ask two questions. Is there or isn't there a current disability? And second, is that current disability, at least as likely as not, relatable to the injury presumed to have occurred in service? And that did not happen in this case. And Mr. Holton was entitled to the benefit of that. But why didn't they presume that the colors and blood factors 1 and 2 were met? No, no, no, Your Honor. We're talking about the medical examination. The medical examination in this case is where you get the medical evidence. As Judge Lynn pointed out, the court relied upon the fact that there was not one scintilla of evidence that connected the fractured pelvis to what happened in service. But that came from a medical nexus examination. That's correct. So he received a medical nexus examination. He received an examination, but he received the wrong examination. The duty to assist is meaningless if you don't ask the right question. And what question precisely were they supposed to ask that they didn't ask? You are to presume, Mr. Examiner, that Mr. Holton was injured during service. Based upon that presumption, does he or doesn't he have a current disability, and is that current disability, at least as likely as not, related to the injury presumed to have been incurred during service? And you think that is not consistent with what the Court of Appeals or Leonard's claims did in treating this case? No, because what they did was is they analyzed this under the Calusa criteria as though this were a question of whether there was a sufficiently legal basis for the denial. That was not the question that was presented to them. The question presented to them was 7104A. This court in McGee said 7104A requires the court to apply all applicable provisions. They didn't afford him the benefit of either of the two relevant presumptions. Well, the first presumption, I don't see the 105A presumption. No one is claiming that he slipped, but he wasn't on duty at the time. It seems to me he's gotten the full benefit of the you're always on duty presumption. If he had gotten that benefit, Your Honor, go back and read the record citation to the board's remand that directed the examination. The examination was directed to etiology, to a medical causation. That's not the correct issue. The correct issue is what Judge Prost and I were talking about, was is there or isn't there a current disability, and is it at least as likely as not relatable to what took place? Here's what the court says. The court says, and I'm reading from page four of the court's opinion, referencing the board's finding and saying, the record contains no confident medical evidence in support of there being a nexus between any current disability of the pelvis and the veteran's service or the alleged injury therein. That's correct, Your Honor. That's the question you were just saying that needs to be resolved, the question of nexus. But they didn't ask it correctly, Your Honor. What they asked was etiology. Etiology is a medical causation question. In these cases, the burden is lightened because we are in a unique circumstance in which the veteran is supposed to receive the benefit of the doubt on every issue. And the benefit of the doubt comes into play in this case when you have precisely these kinds of circumstances. You have 30 years later a discovery of a fractured pelvis. Now, there may or may not be any relationship to what happened in service, but if the doctor isn't directed to presume it in the first instance. Presume what? That's the question. That there was an injury. No, no. Yes. We're assuming that there was an injury. You're assuming, but the doctor did not assume. The doctor was not directed to assume, Your Honor, and that's what you have to do when you afforded the benefit of the presumption of service connection under 105A. The presumption acts as a substitute for evidence. He had the right to substitute the presumption for actual evidence, other than his own late testimony, that he was injured. Injury is all that's required, not a disability. He said he was injured. The doctor should have been directed to presume that injury had occurred. And you think the presumption of injury, as opposed to the presumption of being on duty when the alleged injury occurred, is dictated by 105A. By 105A, yes. And it's also dictated by the presumption of soundness, Your Honor, because he had no such injury when he entered service. He had no such preexisting condition of a fractured pelvis. And there is no medical evidence until 30 years post-service that he had a fractured pelvis. Okay, well, we've gone over a bit, but we'll reserve your lifetime. Thank you, Your Honor. Is that correct? Did we pronounce your name? Havissey, yes. May I please report? This Court has addressed this issue in Shen, Guy, and Connolly, and has determined that the presumption of line of duty presumption is not applicable to establish a nexus between an in-service injury and a current disability. There's no dispute, as Mr. Holden has admitted, that a nexus is required in order to obtain disability compensation. Mr. Holden is asking for disability compensation. Therefore, he can't receive it if he can't show nexus. So there's no issue here. In terms of the presumptions, there's really no need for the presumptions here because there was no issue about whether this was an injury that occurred in the line of duty. The Board made a factual finding that there was no report of injury when Mr. Holden enlisted on duty, and the Board also made a factual finding that Mr. Holden's report of a slip and fall during injury was credible. Therefore, what Mr. Holden has been arguing is simply that the presumptions had been applied, that those two things would have been assumed, but they were already assumed. And if you look at the statement... So everyone assumes that he was injured that day when he was on the ship. So what do you understand or respond to Mr. Carpenter's argument as to the difference that would make in terms of the current situation? It would make no difference in the current examination. If you look at the joint appendix on page 43, the 2005 remand order to the regional office, what was asked of the medical examiner was that the examiner should provide a medical opinion as to whether it is at least as likely as not, i.e., 50% or better likelihood, that any current pelvis fracture residuals resulted from the alleged fall aboard ship in service. That's asking for a nexus opinion and saying, Mr. Holden says he fell in service. There are current pelvis fractures. We are asking the medical examiner whether there is a connection between the fall and the current fractures. That's exactly what Mr. Holden is arguing should have happened and did, in fact, happen. Do you understand the difference between whether or not the examiner is told that there was an alleged fall and for him to accept or whether or not the presumption binding to step 2 of KOMAZUO would say that he suffered an injury back then while he was in service? Is that a distinction with the difference? No, there is no distinction with the difference because there has to be they're saying there was an injury, but there was a fall that could have caused an injury that could be related to the current disability. The question for the medical examiner was whether there was a relationship between anything that happened in service and this current pelvis fracture. There's no difference in saying that or saying assume that there was a fall, which is almost what was said, or saying fall aboard ship in service. Is there any basis in Section 105A to presume an injury? No, there is no basis to presume an injury. It's simply a presumption that an injury, as reflected by the evidence, occurred in the line of duty unless it was shown to be the veterans on political conduct or negligence, et cetera. There does have to be some evidence of an injury. In this case, they accepted Mr. Holton's testimony that he had slipped a column in service as evidence of an injury. Was there any identification of what the injury was? Not from the record, but I would probably know. There was an event, is what I understood the board to have accepted. Whether or not the slip resulted in some kind of physical manifestation other than soreness, I suppose, is left unresolved. Right, that is true. But it was assumed that there was some sort of injury when the medical examiner was asked for an opinion, and the opinion was whether there was a connection to whatever happened during the slip and fall and then his later pelvis fractures. That is exactly what Mr. Holton is arguing should have happened and did, in fact, happen. An application of the presumptions would not have changed that at all. Again, there was a factual finding that there was this incident in service, and there was a factual finding that there was no evidence of injury during Mr. Holton's entrance examination. Therefore, the presumptions were not applicable in terms of the duty to assist. They would not have affected what was requested of the medical examiner, and they certainly would not have helped Mr. Holton obtain disability compensation because, as he has admitted, he would still have to establish a nexus between an in-service injury and a later disability, which he has failed to do. For these reasons, we request that the Court affirm the veterans court decision. Thank you, Ms. Hess. Mr. Carter. I'd like to begin with the fact that the government suggests that there is no need for the presumption. That flies directly against the use of the presumption in this case. That flies directly against 7104A in this Court's decision in McGee. 7104A says that the Board shall apply all applicable provisions of law and regulation. This presumption is an applicable provision of law and regulation. I'm not sure that they meant that there was no presumption. It's not in dispute that the presumption applies. The question is when, where, and how it applies. And they agree there's no dispute that it applied to Step 2 with respect to the in-service injury. The question here is whether or not it applied and how it applies to this nexus determination between the current injury and the earlier incident. And that is precisely the analysis made by the veterans court. That was not the analysis made by the Board. If the Board had given that explanation, then they would have been able to say that we considered 105A and decided that it had been implicitly applied because we concede incurrence. But they didn't do that. The Board never mentioned the 105A presumption. It never mentioned the presumption of soundness. By doing so, they effectively denied Mr. Holton the benefit of that. Now, how does that become... But again, I think there's maybe a disconnect between the question that Judge Prost was asking and what you're responding to. And maybe I misunderstood one or both. But this is important because this goes back to the question of whether Section 105A yields a presumption of activity, whatever the nature of the activity, whatever the nature of the event, being in the line of duty, or whether, as I understand you to be arguing, it goes beyond that and it presumes, it leads to a presumption that a claim, any evidence whatsoever of the incurrence of an injury must necessarily be taken as evidence that that injury... presumed to be true that there was incurrence. I understand that in this case, everyone's accepting that there was an event that occurred in the fall. But I'm relying on what I understood from our earlier colloquy that a veteran, a service member, is different. They're on duty 24 seconds. They're on duty, but that doesn't mean they were, just because there is some evidence, a smidgen of evidence, that they were, in fact, injured while they were on duty, that that has to lead to a presumption that they were. That's the part that I, that's where I lose you. And I think you were responding to Judge... I think that... I think you were responding to Judge Bernstein, leading to that as being what 105A presumes, and that's what I don't see in 105A. Well, Your Honor, the way that I read Chetton, and the way that I understood what Judge Dyke said in Chetton, was that the 105A presumption does cover any injury or disease in service. And the in-line-of-duty distinction is not a valid distinction. That when you're talking about a veteran in line of duty, excuse me, when you're talking about a service member, line of duty is 24-7. And if you are injured or you have a disease during that 24-hour period of your active duty service, then that disease or injury must be presumed to have been incurred in service. Right, but that doesn't answer the question of whether there was an injury, much less nexus, right? Well, I believe it does answer the question of injury. I do not believe it answers the question of nexus. Why does it answer the question of injury? Because Mr. Holton said he was injured because he slipped and fell repeatedly while aboard ship, and that he was injured. And that injury must be presumed. The function of the presumption is to act as a substitute for evidence, that he doesn't have to come forward with evidence other than his own statement. It must be presumed that that injury occurred in the line of duty. That's correct. But the question of whether there was an injury is another question. And here it seems to me what the board did was they didn't question that evidence. They just sort of assumed that there was an injury. And there was no question it was in the line of duty. But, Your Honor, the difference is that if the injury is to be presumed, if the veteran is entitled to substitute for evidence, that presumption, and the triggering evidentiary threshold is merely his statement that he was injured, is sufficient to trigger that presumption, then that changes the dynamic of what happens in the examination. And I see that I'm running out of time. I wanted just to bring the Court's attention to page 46 of the appendix in the examination of Mr. Holton that took place on remand. I direct the Court's attention to the last two sentences under comment. It says, It would be speculative at best to say that the pubic fracture is one caused from service activity or fracture inasmuch as the time frame here is something in the order of 25 to 30 years. It is less likely than not that this fracture is one incurred in service activity in the Coast Guard. Now, those questions go to etiology. They go to causation. They do not go to the question of is it at least as likely as not that there is a current disability from the pain that he suffers from the conceded existence of a fractured pelvis that is relatable to service. The duty to assist required that necessary medical opinion. This medical opinion becomes inadequate because the Board didn't require the VA to consider and apply the 105A presumption. Thank you very much. Mr. Chairman, I would like to close your expected and discuss the presumptions a bit more in the next case. So, we're moving on to that case. This case is submitted.